**Ray MARSHALL, Secretary of Labor, U. S. Department of Labor, Appellee,**

v.

**EMERSONS LTD. et al., Appellants.**

**No. 77–1744.**

United States Court of Appeals, Fourth Circuit.

May 31, 1979.

---

Before HAYNSWORTH, Chief Judge, and WIDENER and RUSSELL, Circuit Judges.

### ORDER

WIDENER, Circuit Judge.

#### I

No request for a poll of the court having been made, it is ADJUDGED and ORDERED that rehearing en banc shall be, and the same hereby is, denied.

#### II

We have considered the petition for rehearing and are of opinion it is without merit for the reasons assigned just below.

The Secretary of Labor has petitioned the court for rehearing solely with respect to that portion of the panel's opinion that remands the case to the district court for a determination of whether Emersons Ltd. is entitled to the complete defense to liability provided by § 10 of the Portal-to-Portal Act of 1947, 29 U.S.C. § 259. The Secretary maintains that Emersons cannot be entitled to a § 10 defense because it does not claim reliance on any administrative pronouncement that either implicitly or explicitly suggests that Emersons' tip back plan was legal during the relevant time period and that, in any event, it cannot satisfy the objective good faith reliance standard of § 10 because it had knowledge of the 1974 Amendments to the Fair Labor Standards Act, a cursory examination of which would have shown that the tip back plan was no longer legal. Consequently, the Secretary takes exception to that part of the court's opinion which states: "Taken at face value, the evidence introduced at trial by Emersons . . . on the Portal-to-Portal Act defense may satisfy the objective good faith reliance test . . . ." 593 F.2d at 570.

The Secretary glosses over the fact that Emersons does contend that it relied on the Wage and Hour Administrator's opinion letter of July 3, 1967 as support for the legality of its tip back plan. Such an opinion is the type of administrative pronouncement upon which good faith reliance can be placed under § 10.

The Secretary also treats as not subject to factual determination Emersons' ability to satisfy the objective good faith reliance standard of § 10. The Secretary's contention that a cursory examination of the 1974 Amendments would have shown Emersons that its tip back plan was no longer legal does not make it so. It was not firmly established that such a plan was illegal under the 1974 Amendments until this court's opinion in *Richard v. Marriott Corp.*, 549 F.2d 303 (4th Cir. 1977), cert. den., 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1100. *Richard* was not decided in this court until after

the district court's decision in this case. In fact, before the district court, Emersons argued that its tip back plan was still legal, despite the 1974 Amendments, but abandoned that argument on appeal in light of our decision in *Richard.*

We express no opinion on whether the evidence introduced so far by Emersons would require a finding that it is entitled to the Portal-to-Portal Act defense. The question to be addressed on remand is whether Emersons, in good faith, could have continued to rely on the Wage and Hour Administrator's pre-Amendment opinion letter that validated the type of tip back plan utilized by Emersons, or was that opinion letter and the 1974 Amendments obviously conflicting so that Emersons could not have been objectively acting in good faith when it chose to follow the opinion letter. See *Clifton D. Mayhew, Inc. v. Wirtz,* 413 F.2d 658, 663 (4th Cir. 1969).

It is accordingly ADJUDGED and ORDERED that the petition for rehearing shall be, and the same hereby is, denied.

With the concurrences of Chief Judge HAYNSWORTH and Circuit Judge DONALD RUSSELL.