**Gregory B. DYMOND and Samuel K. Gibbons, Plaintiffs,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

No. 80–442C(A).

United States District Court,
E. D. Missouri, E. D.

May 4, 1981.

David W. Harlan, Guilfoil, Symington, Petzall & Shoemake, St. Louis, Mo., for plaintiffs.

Bruce D. White, Asst. U. S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM OPINION

HARPER, District Judge.

The plaintiffs, Gregory B. Dymond and Samuel K. Gibbons, brought this action in two counts to recover unpaid overtime compensation for services rendered the defendant, United States Postal Service, from 1976 through 1979. In Count I plaintiffs allege that the defendant willfully avoided paying overtime compensation by using incomplete information to obtain a ruling by the Wage and Hour Division, United States Department of Labor (hereinafter referred to as Labor Department), exempting them from the Fair Labor Standards Act (hereinafter referred to as FLSA). Count II alleges that the defendant arbitrarily, capri-

ciously and invidiously denied plaintiffs due process and equal protection under the law by violating its statutory duty under 39 U.S.C. § 1003 to pay them overtime compensation as prescribed in the FLSA.

The case was tried to the Court. At the beginning of the trial plaintiffs voluntarily dismissed Count II. Upon careful consideration of the parties' testimony and exhibits the Court finds that plaintiffs are not entitled to recover overtime compensation under Count I.

The background facts are as follows:

From 1976 through 1979 plaintiffs were employed by the defendant as Postal Inspectors (hereinafter referred to as Inspectors). Inspectors serve in the Inspection Service (hereinafter referred to as Service) of the defendant, which is responsible for investigating all violations of federal statutes relating to the defendant, for protecting mail, postal funds and property, and for internal audit of defendant's financial and non-financial operations. Inspectors are empowered to serve federal warrants and subpoenas and to make arrests without warrant for certain federal offenses.

In 1974 Congress expanded FLSA coverage to employees of the defendant. 29 U.S.C. §§ 203(e)(2)(B), 203(x). On November 8, 1976, the defendant sought a ruling from the Labor Department that Inspectors were exempt from FLSA overtime compensation provisions as persons "employed in a bona fide executive, administrative, or professional capacity * * *." 29 U.S.C. § 213(a)(1). On December 27, 1976, the Labor Department ruled that "[b]ased on our review of the information submitted, it is our view that the Postal Inspectors * * * would qualify as exempt 'administrative' employees * * * as discussed in explanatory material found in section 541.214 of the Regulations." 29 CFR 790.17(d). In reliance upon this ruling the defendant did not pay plaintiffs overtime compensation during the years in dispute.

Under the Portal-to-Portal Act, 29 U.S.C. § 251 et seq., no employer is subject to liability under the FLSA "if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation of [the Wage and Hour Division of the Department of Labor]." 29 U.S.C. § 259(a). "The test of an employer's good faith in relying upon an administrative order is whether he acted as a reasonably prudent man would have acted under similar circumstances." *Kam Koon Wan v. E. E. Black, Limited*, 188 F.2d 558, 562 (9th Cir.), *cert. denied* 342 U.S. 826, 72 S.Ct. 49, 96 L.Ed. 625 (1951); 29 CFR 790.15(a).

Plaintiffs contend that defendant obtained the aforementioned ruling by withholding information from the Labor Department that Inspectors met the regulatory tests for partial exemption from the FLSA as law enforcement officers, 29 U.S.C. § 207(k), that Inspectors had statutory authority and training to engage in criminal investigation work, that many Inspectors specialized in narrow fields of Service work, and that the Confidential Field Manual of the Service prescribed investigation procedures.

The Court finds that the defendant acted with "honesty of intention and no knowledge of circumstances which ought to put [him] upon inquiry," in seeking the Labor Department ruling. 29 CFR 790.15(a). Inspector duties were amply revealed through a letter of the defendant to the Labor Department on November 8, 1976, and its attachments (Exhibit 5). Inspector specialization was also disclosed in the following statement in said letter:

"[D]omicile offices range in size from one man in a small city to up to thirty men in the larger cities. Inspectors assigned to the small domicile offices generally have territorial assignments and perform criminal, audit, and security work. Inspectors assigned to the larger domicile offices are generally specialists in a particular area, such as in fraud investigations, or financial audits."

That Inspectors may have met regulatory tests for law enforcement officers is irrelevant inasmuch as the defendant clearly had

the right to seek any exemption it desired. 29 CFR 553.1(e). Non-disclosure of the voluminous Confidential Field Manual does not negate the defendant's honesty of intention inasmuch as credible testimony established that the defendant regarded it merely as procedure necessary for minimally acceptable Inspector performance.

That the Labor Department may have erred in interpreting 29 CFR 541 does not negate the defendant's good faith reliance upon its ruling. *Marshall v. Emersons Ltd.*, 598 F.2d 1346 (4th Cir. 1979); 29 U.S.C. § 259(a).

For the reasons given above the Court finds that plaintiffs are entitled to recover neither overtime compensation for the years 1976 through 1979 nor liquidated damages.

The Court adopts this memorandum opinion as its findings of fact and conclusions of law, and the clerk of the Court is directed to prepare and enter the proper judgment for defendant.